IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **MAURICE G. HARGROVE,** | ) |
| Plaintiff, | ) |
| v. | ) CV-06-WKW-808 |
| **ENTERPRISE RENTAL CAR** | ) |
| Defendant. | ) |

## **ANSWER**

COME NOW the properly named Defendant, Enterprise Leasing South-Central, Inc., (hereinafter "Defendant"), and answers Plaintiff's Complaint as follows:

1. Defendant is without sufficient knowledge as to Plaintiff's current residency and therefore denies same and demands strict proof thereof.

2. The properly named Defendant is Enterprise Leasing South-Central, Inc. Defendant admits that it conducts business in the State of Alabama. Defendant admits that the nature of its business is automobile leasing and it employs more than fifteen (15) employees. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination, that jurisdiction is conferred on this Court by 42 U.S.C. § 2000e 5, and that equitable and other relief are also sought under 42 U.S.C. § 2000e-5(g). Defendant denies that it committed any violation of the cited statutes and further denies that Plaintiff is entitled to relief under the cited statutes.

1

4. Defendant denies the allegations set forth in paragraph 4 of the Complaint and demands strict proof thereof.

5. Defendant admits that Plaintiff is not currently employed by Defendant.

6. Defendant denies the allegations set forth in paragraph 6 of the Complaint and demands strict proof thereof.

7. Defendant denies the allegations set forth in paragraph 7 of the Complaint and demands strict proof thereof.

8. Defendant denies the allegations set forth in paragraph 8 of the Complaint and demands strict proof thereof.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint and demands strict proof thereof.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint and demands strict proof thereof.

11. Defendant admits that Plaintiff filed charges with the Equal Employment Opportunity Commission and attached a copy of a Notice-of-Right to Sue letter purportedly issued by the Equal Employment Opportunity Commission. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in paragraph 11 of the Complaint and demands strict proof thereof.

12. Defendant denies that the Plaintiff is entitled to any relief as set out in Paragraph 12 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Defense

Except to the extent expressly admitted herein, the allegations of the Complaint are denied.

### Second Defense

Defendant denies that Plaintiff is entitled to any relief whatsoever.

### Third Defense

The Complaint, and alternatively, portions thereof, fails to state a claim upon which relief can be granted, and any and all claims against the Defendant are due to be dismissed.

### Fourth Defense

Plaintiff's damages are limited to the extent that he has failed or refused to mitigate his damages.

### Fifth Defense

Defendant affirmatively has made a good faith effort to comply with all federal and state laws.

### Sixth Defense

To the extent that Plaintiff raises claims which are not like or related to his Charge of Discrimination as filed with the EEOC, he cannot pursue such claims in this action under Title VII or the Americans with Disabilities Act ("ADA").

### Seventh Defense

Plaintiff's damages, if any, would be limited based upon the doctrine of "after-acquired evidence."

B HPS 725243 v1
1036182-000028 10/3/2006

### Eighth Defense

Defendant avers that Plaintiff is not a qualified individual with a disability as defined in 42 U.S.C. § 12101, *et seq.*

### Ninth Defense

Even if Plaintiff could prove intentional discrimination, which Defendant denies, Defendant would demonstrate that it would have taken the same employment action in the absence of any unlawful motivating factors.

### Tenth Defense

This action is not maintainable under Title VII or the ADA with respect to any event or alleged event occurring more than 180 days prior to the filing of the EEOC Charge upon which this action is based.

### Eleventh Defense

To the extent that Plaintiff filed this action more than ninety (90) days after receipt of his EEOC Determination and Right to Sue letter, Plaintiff's claims are barred by his failure to file a timely suit, a necessary condition precedent to suit.

### Twelfth Defense

This action is not maintainable under Title VII or the ADA unless and until the Plaintiff establishes that he has fulfilled the prerequisites to the institution and maintenance of an action under said statute as to the Defendant.

### Thirteenth Defense

Even if Plaintiff could prove that he has a disability as defined by the Americans with Disability Act, which Defendant denies, Defendant avers that its decisions

4

concerning Plaintiff's employment were based on legitimate business reasons unrelated to Plaintiff's disability.

### Fourteenth Defense

Plaintiff's claims, or parts thereof, are barred by the doctrines of laches, waiver, estoppel, and unclean hands.

### Fifteenth Defense

Defendant reserves the right to assert any additional affirmative defenses that may be determined during discovery.

/s/ Fern H. Singer
Fern H. Singer
Hans P. Schmidt
Attorneys for Defendant

**OF COUNSEL**:
**BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, P.C.**
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203-5202
(205) 328-0480 -- Phone
(205) 322-8007 – Fax

### CERTIFICATE OF SERVICE

I certify that the foregoing has been served upon the following counsel by electronic mail this 4th day of October, 2006.

Maurice G. Hargrove
P.O. Box 211084
Montgomery, Alabama 36121

/s/ Fern H. Singer
OF COUNSEL